MEMPHIS BOARD OF REALTORS,
Plaintiff–Appellee,

v.

Ruth COHEN, Defendant–Appellant.

Court of Appeals of Tennessee,
Western Section,
at Jackson.

Oct. 31, 1989.

Application for Permission to Appeal
Denied by Supreme Court
Feb. 26, 1990.

Asa H. Hoke, Memphis, for defendant-appellant.

Paul A. Matthews, Teresa J. Sigmon, Memphis, for plaintiff-appellee.

CRAWFORD, Judge.

Defendant, Ruth Cohen, appeals from the final decree of the Chancery Court in a

declaratory judgment suit filed by plaintiff, Memphis Board of Realtors.

The complaint alleges that the plaintiff is a Tennessee not-for-profit corporation and that defendant is a real estate broker licensed by the State of Tennessee and is a member of the Memphis Board of Realtors. The complaint avers that the Board provides various privileges for active members which include the right to use the registered term "Realtor", participation in the Board's Multiple Listings Service and various educational programs. It is further averred that active members have obligations, one of which is the subjection to disciplinary action for violation of by-laws of the Board, and the Code of Ethics of the Board and the National Association of Realtors. The complaint further avers that the sanctions for unethical conduct include reprimand, fines, probation, suspension and expulsion. Plaintiff further avers that a complaint of unethical conduct was filed against the defendant and she was afforded a hearing before the Professional Standards Committee. This committee found that she had been guilty of certain unethical conduct and recommended expulsion from membership as the penalty. Defendant appealed this finding to the Board's board of directors. The board of directors affirmed the finding of the Professional Standards Committee, but reduced the sanction to a one year suspension. The complaint further avers that defendant has stated her intention to bring suit against the plaintiff contending that the disciplinary sanctions wrongfully deprive her of rights, including use of the Multiple Listings Service, without due process. Because of this intention, the Board seeks a review of the disciplinary proceeding and a declaration that defendant was afforded a proper hearing and that the imposition of the one year suspension is not in violation of defendant's rights.

Defendant's answer denies the material allegations of the complaint and joins issue thereon. The answer avers that defendant was denied a fair and impartial hearing before the initial hearing panel and before the board of directors. Defendant asserts that the action of the Board deprives her of substantial property rights without due process under the Constitution of the United States and the Tennessee Constitution and that the Board acted in an arbitrary and capricious manner. She further avers that the sanctions imposed are excessive and not in keeping with sanctions generally imposed by the Board. The defendant asked the court to find that there was no fair and impartial hearing by the Board and further that the punishment imposed was excessive.

At the conclusion of the trial, the chancellor found that the Board's professional standards proceedings and the sanctions imposed in those proceedings were proper and did not violate defendant's rights. Defendant appeals.

■ The first issue for review is whether the trial court erred in not granting defendant a continuance.

Defendant contends in this Court that she should not have been "forced" to go to trial because: (1) she did not have an attorney, although the attorney of record had never formally withdrawn from the case; (2) she was not prepared for trial, and the court knew or should have known she was not prepared for trial; (3) she had not obtained documents from the plaintiff necessary for her defense; and, (4) that her attorney had waived her right to a jury trial by his failure to file issues of fact required by local rules of court.

The record reflects that this suit was filed September 28, 1987, and plaintiff, through her attorney, filed an answer November 13, 1987. There is nothing in the record to indicate that defendant undertook any discovery proceedings under the Tennessee Rules of Civil Procedure. The record further reflects that although defendant demanded a jury in the answer, the jury demand was waived by a failure to file proposed issues of fact as required. Defendant blames her attorney for the lack of

discovery and the waiver of the jury trial and asserts that she is entitled to a continuance because of these errors. We disagree. While defendant may have a grievance against her attorney, as to the other party to the suit she is bound by the attorney's knowledge and his actions in her behalf. *See Moody v. Moody*, 681 S.W.2d 545 (Tenn.1984).

On the morning the case was set for trial, defendant advised the chancellor that she had discharged her attorney approximately two months prior to the date of the trial and had been unable to obtain an attorney to represent her. The chancellor advised her that he would continue the case for two to three weeks to allow her time to obtain an attorney, but she stated that she wanted a two month continuance. She further stated that if she could not have two months, she was ready to go to trial on that date.

■ Moreover, there is no absolute right to counsel in a civil trial. *Barish v. Metropolitan Gov't.*, 627 S.W.2d 953 (Tenn. App.1981). The trial court has broad discretion in the granting or the denial of a continuance and the trial court's decision will not be set aside unless there is a clear showing of abuse. *Barish, supra.* From the record before us, we can find no such clear showing of abuse.

This issue is without merit.

■ The second issue for review is whether the chancellor erred in not recusing himself.

Defendant contends that the chancellor became an advocate for the plaintiff and "subject[ed] the defendant to ridicule by the method employed in examining the Defendant prior to the beginning of the hearing and during the hearing."

■ In this case, there was no motion made for the chancellor to recuse himself, nor was there any indication from the record that defendant ever brought to the chancellor's attention that the chancellor was acting as an advocate for the plaintiff or was in any manner ridiculing the defendant. Although the chancellor in this case was never asked to recuse himself, the question of whether he should recuse himself is a matter within his discretion. *Wiseman v. Spaulding*, 573 S.W.2d 490 (Tenn.App.1978). We have examined the record in this case and find nothing to indicate that the chancellor should have recused himself and do not feel that the record reflects that the chancellor was acting as an advocate for the plaintiff, nor was the chancellor subjecting the defendant to any ridicule as stated.

This issue is without merit.

■ The next issue for review is whether the chancellor erred in allowing the witness to testify that the defendant represented the seller in a real estate transaction. Plaintiff, in its brief, virtually concedes that the evidence complained of was incompetent, but argues that the error was waived by defendant's failure to object. Our review of the record reveals that there was no objection made. The complaint of the erroneous admission of evidence will not be considered on appeal where no objection was made at the trial. *Morrow v. Thompson*, 626 S.W.2d 706 (Tenn.App. 1981). Furthermore, it appears from the record that some of the "violations" alleged against the defendant would be equally applicable regardless of which party to the sales transaction she represented. A party is not entitled to relief on appeal when it cannot be said that the complained of error more probably than not affected the judgment or resulted in prejudice to the judicial process. T.R.A.P. 36(b).

This issue is without merit.

■ The next issue for review is whether the court erred in preventing defendant from introducing proof through the cross examination of a witness as to the racial make-up of individuals that had previously been disciplined by the Board.

From our review of the record, the evidence sought by defendant in this regard

was irrelevant under the issues drawn by the pleadings. Furthermore, after the court sustained the objection, defendant made no offer of proof and since this Court has no way of knowing what proof would have been introduced, the appellate review of the court's action is waived. *Patterson v. Hunt,* 682 S.W.2d 508, 22 Ed.Law Rep. 627 (Tenn.App.1984); *Home Insurance Co. v. Glens Falls Ins. Co.,* 675 S.W.2d 486 (Tenn.1984).

■ The next issue presented for review, as presented in appellant's brief, is: "Whether the court erred in treating as exhibits, ten (10) exhibits, which were only 'marked' and never introduced as exhibits?"

The transcript filed in this case indicates that each of the exhibits were offered in evidence and marked as exhibits numbered in sequence from one to ten. The exhibits appear to be properly marked as the transcript indicates. In any event, the record is clear that the documents were treated as exhibits by all the parties and if there was some failure to mark them clearly, it was a clerical error which can be corrected pursuant to the provisions of Rule 60.01, Tennessee Rules of Civil Procedure.

This issue is without merit.

The judgment of the trial court is affirmed and this case is remanded to the trial court for such further proceedings as may be necessary. Costs of appeal are assessed against appellant.

HIGHERS and FARMER, JJ., concur.