IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

## REV. CURLEY HOWSE v. MICKEY JOHNSON, ET AL

**Direct Appeal from the Chancery Court for Davidson County**
**No. 89-3213-III; The Honorable Ellen Hobbs Lyle, Chancellor**

---

**No. M1998-00513-COA-R3-CV - Decided June 13, 2000**

---

This appeal arises from an action brought by Plaintiff-Howse ("Prisoner Howse") against Defendant-Johnson and the Tennessee Department of Correction (hereinafter collectively referred to as "Defendants") for various violations of his civil rights. Defendants' motions for dismissal and summary judgement were granted by the trial court. Howse appeals both the dismissal of his case and the subsequent grant of summary judgment in favor of Defendants.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

HIGHERS, J., delivered the opinion of the court, in which FARMER, J., and LILLARD, J., joined.

Rev. Curley Howse, Only, TN, *pro se*

Paul G. Summers, Attorney General & Reporter, Michael E. Moore, Solicitor General, and Rae Oliver, Assistant Attorney General, Nashville, for Appellees, Mickey Johnson, et al

### OPINION

In November 1989, Prisoner Howse filed a petition against Defendants in the Davidson County Chancery Court, alleging that both he and Charles Robinson ("Prisoner Robinson") had been assaulted and subjected to sexual misconduct by prison employees and other inmates and that the behavior was both condoned and encouraged by prison officials. At the time the lawsuit was initiated, Prisoner and his co-plaintiff were inmates at the DeBerry Correctional Facility in Nashville, Tennessee.[1] Following motions by the individual Defendants, the court granted an extension of time to answer until January 1990. Defendants filed a motion to dismiss or in the alternative a motion for summary judgment on January 24, 1990. An attachment to this motion included a letter written by Prisoner Robinson claiming that he had been coerced into filing suit by Prisoner Howse. Prisoner Robinson was transferred to a different prison shortly thereafter.

Prisoner Howse filed more than thirty various motions and miscellaneous filings between the initiation of the lawsuit and November of 1990. Among these filings were several motions

---

[1]Prisoner Howse is now housed at the Turney Center facility.

asking for relief from alleged retaliatory actions by Defendants, a motion for appointment of counsel, and a motion for a jury trial and requesting a hearing.

On November 7, 1990, Defendants filed a motion regarding the numerous filings of Prisoner Howse. Defendants requested that Howse's motions be denied for failure to state a claim or dismissed for lack of clarity. Later that same month, the trial court entered an order referring the motions in the case to a Clerk and Master. The report of the Master was entered on May 1, 1992, and approved by the trial court pending objection.[2]

According to the recommendations made in the Master's report, the majority of the motions filed by Prisoner Howse were dismissed or denied. However, Defendants were required to respond to the following: the alleged assault of Howse and the subsequently preventing Howse from filing incident reports of the assault; Howse's claims that he received excessive administrative or punitive segregation; Howse's claim that guards allowed him to be assaulted by another inmate in their presence without protecting him; and that a guard used the prison "shakedown" policy to make homosexual contact with Howse. Thereafter Prisoner Howse filed three motions for default judgment against Defendants.

On September 24, 1992, Defendants filed an answer addressing Prisoner Howse's allegations.[3] Defendants denied both Howse's claim that he had been assaulted by guards and his claim that the guards did not protect him from assaults by other inmates. Defendants also denied Howse's allegations of homosexual behavior by the guards. On October 20, 1992, the trial court denied Prisoner Howse's motions for default judgment.

The Second Master's report was filed on February 25, 1995. The report recommended that Defendants' motion for partial summary judgment be granted as to all charges alleged by Prisoner Howse, except the charges of assault and homosexual assault. Although Prisoner Howse filed objections to the report, the trial court found that the objections were without merit and adopted the report's recommendations. Defendants moved for summary judgment on the remaining claims. Prisoner Howse moved for summary judgment thereafter. The trial court granted summary judgment in favor of Defendants on June 22, 1998. Prisoner Howse appeals.

On appeal, Prisoner Howse asserts that the trial court erred in its treatment of him as a *pro se* plaintiff. Howse asserts that the trial court erred in failing to grant his motion for default judgment. He also asserts that the trial court erred in dismissing his retaliation claim. In addition, Prisoner Howse claims that the trial court erred in granting Defendants' motion for summary

---

[2]During the intervening period, Prisoner Howse filed more than twenty additional motions.

[3]Defendant's answer filed on September 24, 1992, made reference to a motion for partial summary judgment that was filed at the same time. Although this motion was addressed in the Second Master's report, the motion itself does not appear in the record. It is possible that Defendants were referring to a previous motion for summary judgment filed on January 24, 1990.

judgment.[4]

## Analysis

### *Pro Se* Litigant

As a preliminary concern, we find it necessary to address Prisoner Howse's request for appointed counsel and his position as a *pro se* litigant. We first turn to his request for appointed counsel. The trial court was not obligated to grant Prisoner Howse's request for counsel because there is no absolute right to counsel in a civil trial. Memphis Bd. of Realtors v. Cohen, 786 S.W.2d 951, at 953 (Tenn. Ct. App. 1989) citing Barish v. Metropolitan Government, 627 S.W. 2d 953 (Tenn. Ct. App. 1981).[5]

Prisoner Howse represented himself at both the trial court stage and on appeal. While litigants who proceed *pro se* are entitled to fair and equal treatment, "they must follow the same procedural and substantive law as the represented party." Irvin v. City of Clarksville, 767 S.W.2d 649, 652 (Tenn. Ct. App.1988). Indeed, a *pro se* litigant requires even greater attention than one represented by counsel. The trial judge must accommodate the *pro se* litigant's lack of legal knowledge without giving the *pro se* litigant an unfair advantage because the litigant represents himself. Id. From our reading of the record, it appears that the trial court made every available concession required to accommodate Prisoner Howse's *pro se* status despite Howse's failure to clearly and concisely state actionable claims.[6] In addition, we find it appropriate to mention Prisoner

---

[4]Prisoner Howse also asserts that the trial judge violated the law and "judicial ethics Rule 10 Code of Judicial Conduct" by granting Defendant's motion to dismiss. In addition, Howse claims that the dismissal grossly prejudiced his case. This issue is without merit and will not be addressed. See McCay v. Mitchell, 463 S.W.2d 710 (Tenn. Ct. App. 1970) ( a general assignment of error is too vague and will not be considered by the Court of Appeals).

[5] Due to the unusually long pendency of this matter in the court below, we find it appropriate to note that no right to a speedy trial is triggered in a civil trial. Irvin v. City of Clarksville, 767 S.W.2d 649, at 654 (Tenn. Ct. App. 1988).

[6]After our review of the numerous filings made by Prisoner Howse, we are unable to find a single citation to any legal basis for his claims. Howse repeatedly stated that his civil rights are being violated, but he fails to support these allegations with any authority. Howse does make mention of numerous violations of "God's law" in an attachment to his initial complaint as follows:
"Important message from God: Tn. Corr. Dept. and DeBerry officials let me remind you that God, has on tapes and films of all the abusiveness you officials are conducting and will bring you into question shortly. Remember Comm. Reynolds and Little, etc., the Opthamological Universal Cosmic Conscious Eyes of Our Supreme Creator, God, watches the geological earth and geographical universe and Milky-Way galaxies. T.D.O.C. and D.C.I. authorities read II Chronicles 16:9, also God, said tell commissioner and wardens etc. are symbolic to pharaoh also all prisoner warden pharaoh's army is employees."
While the court certainly respects Prisoner Howse's reliance on "God's law," it is neither binding nor persuasive authority in the Tennessee Court of Appeals.

3

Howse's failure to provide any citations to the record or legal authority on appeal.[7] While this court can suspend or relax the rules of appellate procedure in order to afford a *pro se* litigant a hearing on the merits, we are not under a duty to minutely search a voluminous record to verify unsupported allegations in a brief. Alexander v. Tennessee Farmers Mut. Ins. Co., 905 S.W.2d 177 (Tenn. Ct. App. 1995). With this in mind, we now turn to the remaining issues raised on appeal.

## Default Judgment

Prisoner Howse asserts that the trial court erred in failing to grant his numerous motions for default judgment. Pursuant to Rule 55.01 of the Tennessee Rules of Civil Procedure, default judgment is appropriate when a party fails to plead or otherwise respond to a claim of relief by another party.[8] In addition, Rule 55.01 of the Tennessee Rules of Civil Procedure provides: "No judgment by default shall be entered against the State of Tennessee or any officer or agency thereof unless the claimant establishes the claim or right to relief by evidence satisfactory to the court." Prisoner Howse failed to met the burden for a grant of default judgment in this case. Defendants filed an answer, a motion for summary judgment and a motion to dismiss, as well as several other motions. The filing of either a motion for summary judgment or an answer is sufficient to preclude default judgment. Creed v. Valentine, 967 S.W.2d 325 (Tenn.Ct. App. 1997). Therefore, the trial court did not err in refusing to grant Prisoner Howse's motion for default judgment.

## Retaliation Claim

Prisoner Howse asserts that the trial court erred in dismissing his retaliation claim. In particular, Howse claims that his transfer from one facility to another was a result of his suit. Additionally, Howse claims that prison personnel censored his mail and stole his postage stamps. Although Howse fails to provide the legal basis for this claim, this court assumes that he was attempting to establish a retaliation claim pursuant to 42 U.S.C. §1983.

In establishing a retaliation claim under § 1983, a prisoner plaintiff's burden is different from that of a non-prisoner plaintiff. A prisoner plaintiff must show: (1) that he engaged in conduct protected by the First Amendment; (2) a chronology of events from which retaliation may reasonably be inferred; (3) that a sufficiently adverse prison action was taken against him and that such an action would deter a person of "reasonable firmness" from continuing the protected conduct; and (4) a causal connection between the conduct and the adverse action. See Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999); Anderson v. Sundquist, 1 F.Supp. 2d 828, 832-833 (W.D. Tenn. 1998).

Although Prisoner Howse's initiation of a civil rights action qualifies as conduct protected by the First Amendment, he fails to meet the remaining factors stated above. From our review of

---

[7]Prisoner Howse's filings in this case are all hand-written, with no citations to the record or to any legal authority. See Rule 13 of TENN. R. APP. P.

[8]Rule 55.01 of the TENN. R. CIV. P. provides in relevant part: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, judgment by default may be entered..."

the record, it seems that the activities Howse initially complained of were occurring prior to commencement of this suit. In addition, Prisoner Howse's transfers to different facilities and the alleged theft of his stamps do not constitute "an egregious abuse of governmental power." Issaq v. Compton, 900 F.Supp. 935, 940 (W.D. Tenn. 1995). Finally, Howse failed to provide sufficient evidence of a causal connection between the initiation of his suit and subsequent acts by the prison officials. Accordingly, we find that the trial court did not err in dismissing Prisoner Howse's retaliation claim.

### Summary Judgment

As a final issue, Prisoner Howse alleges that the trial court erred in granting summary judgment to Defendants. At the time Defendants filed their final motion for summary judgment, the only undisposed of claims were those involving assault and homosexual assault. In granting Defendants' motion, the court below held that Prisoner Howse had failed to place specified wrongs into issue or to establish a genuine issue of material fact. Based on the following, we agree with the holding of the trial court.

The standards governing our review of a summary judgment motion are well settled. Our inquiry involves purely a question of law; therefore, we review the record without a presumption of correctness to determine whether the absence of genuine and material factual issues entitle the movant to judgment as a matter of law. Robinson v. Omer, 952 S.W.2d 423, 426 (Tenn.1997); Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn.1993); TENN. R. CIV. P. 56.03. Our primary inquiry is whether there are any genuine issues of material fact. It is only after a finding that no material facts are in dispute that the movant must either affirmatively negate an essential element of the non-movant's claim or conclusively establish an affirmative defense. Robinson, 952 S.W.2d at 426; Byrd, 847 S.W.2d at 215, n. 5. Id. If the movant successfully negates a claimed basis for the suit, the non-movant may no longer simply rely upon the pleadings, but must then establish the existence of the essential elements of the claim or the non-existence of the defense. Finister v. Humboldt General Hosp., Inc., 970 S.W.2d 435, 437-438 (Tenn. 1998).

Under the standard stated above, it is apparent that Defendants met the requirements to obtain summary judgment against Prisoner Howse. Howse was unable to raise a genuine issue of material fact based on his failure to state specific dates or places of the alleged assaults. Once Defendants' disputed Howse's claims by sworn affidavit, Howse failed to establish the essential elements of the claim. Therefore, Howse failed to meet his burden to prevent entry of summary judgment in favor of Defendants. Accordingly, the trial court did not err.

### Conclusion

Based upon the foregoing, the judgment of the trial court is hereby affirmed. Costs of the appeal are assessed to appellant, Howse, for which execution may issue if necessary.

5