IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 28, 2000

## G. L. OMOHUNDRO, ET AL. v. PAUL HARRISON, ET AL.

**Appeal from the Chancery Court for Knox County**
**No. 134190-2     Daryl R. Fansler, Chancellor**

**FILED DECEMBER 27, 2000**

**No. E2000-00666-COA-R3-CV**

---

This is a suit by investors in The Great Smoky Mountain Opry Corporation against a number of
defendants including Paul Harrison. The trial court found a violation of the Tennessee Securities
Act of 1980 and awarded the plaintiffs a judgment for $56,932.50. Harrison appeals, contending that
the judgment should be reversed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD,
P.J., and D. MICHAEL SWINEY, J., joined.

Paul Harrison, Charlotte, North Carolina, Pro Se.

Lewis S. Howard, Jr., Knoxville, Tennessee, for the appellees, G. L. Omohundro and Charles
Warwick.

**MEMORANDUM OPINION**

The plaintiffs, G. L. Omohundro and Charles Warwick, purchased stock in The Great Smoky
Mountain Opry Corporation. According to a "Business Prospectus" given to the investors, the
corporation "was formed to act as the general theater and permanent location for 'Paul Harrison and
The Nashville Express' – a family oriented country music/variety show." When the corporation
failed, the plaintiffs, along with others,[1] sued the principals[2] of the corporation, including the
defendant Paul Harrison, seeking a return of their investment, interest, and attorney's fees. The
plaintiffs pursued a number of theories of recovery, including a claim of liability under the Tennessee

---

[1]The other plaintiffs voluntarily non-suited their complaints without prejudice.

[2]The other defendants, save one against whom a default judgment had been taken, were exonerated by the trial
court's judgment. The judgment against the defaulted defendant is not before us.

Securities Act of 1980, particularly the provisions codified at T.C.A.§§ 48-2-121 and -122. Following a bench trial, at which none of the defendants appeared, the trial court found that the defendant Harrison had violated T.C.A. § 48-2-121 and that the plaintiffs were entitled to a judgment against him for the principal amount of their investments, interest, and attorney's fees. Harrison appeals from a judgment against him for $56,932.50.

The defendant Harrison, proceeding *pro se*, raises two issues, which, taken verbatim from his brief, are as follows:

> 1. The appellant has not received a fair hearing and the Chancery Courts [sic] violated his constitutional rights.

> 2. The appellees are guilty of extrinsic fraud and perjury and the evidence enclosed will prove this beyond any doubt.

In the first issue, the defendant contends that the trial court "violated his constitutional rights." Among other things, he contends that his rights were violated by the trial court when it refused to continue the hearing that had been scheduled for some time for the date of December 15, 1999. A trial court has broad discretion on the subject of continuances. *Memphis Bd. Of Realtors v. Cohen*, 786 S.W.2d 951, 953 (Tenn. Ct. App. 1989). We can find no abuse of discretion in the trial court's refusal to continue the December 15, 1999, hearing.

We have considered the other "constitutional" issues raised by the defendant, including his claim that the trial court should have allowed him to participate in the trial by teleconference. We find no abuse of discretion as to these other issues.

As to the defendant's challenge directed at the correctness of the trial court's judgment on the facts, we do not find that the evidence preponderates against the trial court's finding of a violation of T.C.A. § 48-2-121 or its computation of damages under T.C.A. § 48-2-122. *See* Tenn. R. App. P. 13(d).

The judgment of the trial court is affirmed pursuant to the provisions of Rule 10(b),[3] Rules of the Court of Appeals. Costs on appeal are taxed to the appellant. This case is remanded for enforcement of the trial court's judgment and for collection of costs assessed below, all pursuant to applicable law.

---

[3]Rule 10(b), Rules of the Court of Appeals, provides as follows:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

_____
CHARLES D. SUSANO, JR., JUDGE