# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
October 5, 2000 Session

## JAMI ALLYSON ROSS CARTER v. GUY MARSHALL CARTER

**Direct Appeal from the Chancery Court for Washington County**
**No. 30942, Richard Johnson, Chancellor**

**FILED JANUARY 4, 2001**

**No. E2000-01283-COA-R3-CV**

---

This appeal from the Washington County Chancery Court concerns whether the Trial Court erred in refusing to allow the testimony of an expert witness in accordance with a local rule. The Appellant, Jami Allyson Ross Carter, appeals the decision of the Chancery Court. We vacate the decision of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and D. MICHAEL SWINEY, JJ., joined.

Robert D. Arnold, Johnson City, Tennessee, for the appellant, Jami Allyson Ross Carter.

Lois B. Shults-Davis, Erwin, Tennessee, for the appellee, Guy Marshall Carter.

## OPINION

This appeal arises from a divorce action between Jami Allyson Ross Carter, the Appellant, and Guy Marshall Carter, the Appellee. Ms. Carter appeals the decision of the Washington County Chancery Court and presents for our review one issue, which we restate: whether the Trial Court erred in excluding the expert testimony of Dr. Jon Ellis, in accordance with Local Rule 8.01(B).

We vacate the decision of the Trial Court and remand for further proceedings, if any, consistent with this opinion.

The parties were divorced in Washington County on November 4, 1996. There are three minor children of the marriage, Ross, Alex, and Cassandra Carter. At the time of the divorce, the parties agreed to joint legal custody with Ms. Carter having primary residential custody. Mr. Carter received "reasonable visitation privileges" with the children. Problems arose with respect to this arrangement, and in June 1997, Mr. Carter was awarded standard visitation with his two sons and

a specific visitation schedule was established with regard to his daughter by court order entered July 23, 1997.

A Petition for Contempt was filed by Mr. Carter on October 14, 1997, alleging that Ms. Carter was prohibiting his visitation with the minor children. At that time allegations were being made by Ms. Carter concerning inappropriate behavior by the paternal grandfather toward Ross and Alex. A hearing was held on November 17, 1997, in which Dr. Jon Ellis, a clinical psychologist, testified as an expert witness about the effect of further interaction between Alex and his paternal grandfather. The Trial Court entered an order on January 7, 1998, stating that the minor children were not allowed in the presence of the paternal grandfather. The Trial Court further ordered that Mr. Carter's visitation with his children be supervised at all times by his mother, Kay Carter, and that Mr. Carter and the paternal grandfather undergo psychological evaluations.

On April 30, 1998, Ms. Carter filed a Petition seeking absolute custody and control of the minor children. Once again, the prior allegations of inappropriate conduct by the paternal grandfather were at issue. Dr. Ellis testified as an expert witness. Following a lengthy hearing that began October 8, 1998,[1] the Trial Court entered an order on February 19, 1999 granting Ms. Carter sole and exclusive custody of the minor children. The Court further ordered a limited visitation schedule for Mr. Carter with his three children and prohibited contact between the paternal grandfather and the minor children. The Court reserved judgment regarding all other issues concerning the paternal grandfather for a later date.

A final hearing was conducted on November 12, 1999. During the hearing, Dr. Ellis was called by Ms. Carter to testify. Mr. Carter objected to Dr. Ellis testifying as an expert witness, arguing that opposing counsel had not complied with Washington County Local Rule 8.01(B). Mr. Carter's attorney argued that she had only been made aware that Dr. Ellis would be called to testify as an expert on the afternoon of November 11, 1999, as opposing counsel faxed a witness and exhibit list to her office on the afternoon prior to the trial. The list included Dr. Ellis's name but made no mention of what he would be testifying to or what his opinions were and clearly did not comply fully with the local rule.

In response to counsel's objection, Ms. Carter's attorney argued that Dr. Ellis had testified on this matter previously and that there was no element of surprise that Dr. Ellis was called to testify. Ms. Carter's attorney further argued that the testimony of Dr. Ellis was of such importance that the court should hear it before reaching a decision. Ms. Carter's attorney then made an oral motion for a continuance. The Trial Court ignored counsel's motion for a continuance, disqualified the witness and therefore did not hear testimony from Dr. Ellis. Following the hearing, the Court ordered that

---

[1]The first day of testimony in this hearing was October 8, 1998. At the end of the day, the case was continued to November 10, 1998, and at the close of testimony on that day , the case was continued again to January 7, 1999. The hearing did not conclude on January 7, 1999, therefore the Judge called for a conference with the attorneys on January 13, 1999. At the conference, the parties agreed that the Trial Court had heard enough testimony to rule on the case. The record contains only a transcript from the October 8, 1998 hearing and the order entered February 19, 1999 with respect to this particular hearing.

the minor children could visit with their paternal grandfather during Mr. Carter's visitation, but such visitation must be in the presence of Mr. Carter or his mother, Kay Carter. The Court further ordered that the paternal grandfather could not be alone with the minor children at any time or place for any reason.

The local rule states:

> Local Rule 8.01(B) – Expert Witnesses. Any party who plans to call an expert witness to testify shall submit the witness' name, address, field of expertise, and brief summary of qualifications and opinions to the court and other counsel no later than two (2) working days before the deposition or other personal appearance of the witness. Failure to comply with this requirement may result in disqualification of the witness. No party shall call more than two (2) experts on any issue without permission of the Court.

We review this matter *de novo* upon the record of the proceedings below, with a presumption of correctness "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d); *see also Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984). There is no presumption of correctness with regard to the trial court's conclusion of law, and those conclusions are reviewed *de novo*. *Jahn v. Jahn*, 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996).

Ms. Carter's sole issue on appeal is that the Trial Court erred in excluding the expert testimony of Dr. Ellis. This Court will not address that issue as we find that the Trial Court should have granted a continuance to Ms. Carter upon oral motion by her attorney.

The Trial Court has broad discretion in granting or denying a continuance. *Memphis Bd. of Realtors v. Cohen*, 786 S.W.2d 951, 953 (Tenn. Ct. App. 1989).

Because the testimony of Dr. Ellis dealt with very serious allegations of inappropriate behavior of a sexual nature by the paternal grandfather toward the minor children, we find that justice can only be served by allowing a full hearing on this matter. When this Court is in a position to make decisions that have tremendous impact on the lives and well-being of minor children, we consider it a most serious responsibility. We therefore hold that the Trial Court was in error in ignoring counsel's motion for a continuance. Absent the nature of the facts of this case, this Court would give greater deference to the Trial Court's discretionary role in granting or denying the motion for a continuance. However, based on the specific facts in this case and the serious import of expert testimony as to the psychological effects of continuing the relationship between the minor children and the paternal grandfather, we find justice can only be served by a full hearing on this issue.

In light of the foregoing, we vacate the judgment of the Trial Court and remand the case for further proceedings, more specifically, the taking of expert testimony by both parties on the issue of

inappropriate behavior by the paternal grandfather with the minor children. We adjudge costs of appeal against the Appellee, Guy Marshall Carter.


_____
HOUSTON M. GODDARD, PRESIDING JUDGE