IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 23, 2014 Session

# TERRY MORRISON, ET AL. v. RICHARD HUBBELL

**Appeal from the Chancery Court for Davidson County**
No. 090133I     Claudia Bonnyman, Chancellor

## No. M2013-00822-COA-R3-CV- Filed February 11, 2014

Landlords filed suit against a tenant for breach of the rental contract. The trial court held the tenant breached the contract and awarded the landlords damages for the breach. Tenant appeals asserting that the landlords failed to mitigate their damages, that his counsel was ineffective, and that the trial court erred in failing to dismiss the case for failure to prosecute. Tenant's arguments are without merit. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, M.S., P.J., and RICHARD H. DINKINS, J., joined.

Richard Hubbell, Hendersonville, Tennessee, Pro Se.

Joe M. Haynes, Goodlettsville, Tennessee, for the appellee, Terry Morrison and Laurie Guethlein.

**OPINION**

FACTUAL AND PROCEDURAL HISTORY

On June 27, 2008, Kim and Richard Hubbell ("Tenants") entered into a three-year lease agreement with Terry Morrison and Laurie Guethlein ("Landlords") whereby Landlords leased Tenants a one-story building in Hermitage, Tennessee. Tenants agreed to pay Landlords monthly installments of $4,500 the first year, $4,800 the second year, and $5,100 the third year, plus personal property taxes, real estate taxes, and insurance.

Tenants used the premises to operate Morehouse Dance Academy and paid rent in accordance with the contract until August 2008. In September 2008, Tenants disconnected the power and vacated the premises. Landlords filed suit against Tenants on January 22, 2009 alleging that Tenants breached the Building Lease contract.

Tenants filed for bankruptcy on January 28, 2009. The trial court entered an order on February 19, 2010 stating that the case was closed during the pendency of the bankruptcy stay and thereafter, unless a party reopened the case. On May 26, 2011, Landlords filed a motion to "lift the automatic stay and set aside" the February 19, 2010 order as to Mr. Hubbell. As grounds for the motion, Landlords cited a May 10, 2011 order entered in the bankruptcy court that permanently revoked the discharge granted to Mr. Hubbell. The trial court granted Landlords' motion by order entered June 28, 2011.

On July 27, 2011, Tenants filed an answer which included the following affirmative defense:

> [Landlords] represented that [Tenants] would have a substantial number of students for their dance studio, carrying over from [Landlords'] operation. In addition to execution of the lease agreement, [Tenants] paid approximately $28,000 to [Landlords] for the personalty used in the dance studio. Unbeknownst to [Tenants], [Landlords] intended to and did, in fact, open a new dance studio a short distance from the leased premises and retained most of the students who would have been students of the [Tenants]. The misrepresentation concerning and/or failure to disclose the intended competition damaged the [Tenants] as a result of their detrimental reliance thereon.

The trial court entered a case management order on July 17, 2012 stating:
> The case was re-opened June 28, 2012[1] as to defendant, Richard Hubbell. The Court extends the disposition date until September 4, 2012. The case must be resolved or set for trial by the above date otherwise it will be dismissed for failure to proceed, pursuant to Rule 41 of the Tennessee Rules of Civil Procedure.

On August 20, 2012, Landlords filed a motion to set the case for a hearing which was granted by order entered September 28, 2012.

---

[1] Mr. Hubbell points out that this date should be June 28, 2011.

The trial court held a hearing[2] on February 12, 2013 and determined that Tenants breached the contract. The court entered an order on February 14, 2013 finding damages in the amount of $70,626.58 resulting from the breach. The court calculated damages as follows:

**Rents due**:

| | |
|---|---|
| Year One | $59,915.00 |
| Year Two | $63,515.00 |
| Year Three | $67,115.00 |
| **Total Rent due under 2008 lease**: | $190,545.00 |

**Credits**:

| | |
|---|---|
| Lease deposit by the Defendant: | $1,000.00 |
| Two Rent payments by the Defendants: | $9,985.00 |
| Rent payments by the new tenant: | $98,208.52 |
| Payment through the Bankruptcy Court: | $10,724.00 |
| **Total Credits**: | $119,918.42 |

| | |
|---|---|
| **Rent due less credits**: | **$70,626.58** |

The court also awarded attorneys fees and costs.

Mr. Hubbell appeals.

STANDARD OF REVIEW

In a civil case tried without a jury, we review the trial court's findings of fact de novo with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). We review questions of law de novo with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

ISSUES PRESENTED

Mr. Hubbell raises three issues for our review. First, he contends the trial court erred in awarding damages to Landlords because Landlords failed to "adequately mitigate their losses." Second, Mr. Hubbell argues his counsel was ineffective. Finally, Mr. Hubbell asserts that the trial court erred in failing to dismiss the case for failure to prosecute. We will

_____

[2] The record does not contain a transcript of the hearing.

address each contention in turn.

ANALYSIS

As an initial matter, we note that we may only "consider those facts established by the evidence in the trial court and set forth in the record." Tenn. R. App. P. 13(c). Our ability to address Mr. Hubbell's arguments on appeal is hindered by the fact that the record does not contain a transcript of the hearing, nor does it include a statement of the evidence prepared in accordance with Tenn. R. App. P. 24(c). "It is well settled that, in the absence of a transcript or statement of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment." *Outdoor Mgmt., LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007) (citing *McKinney v. Educator and Exec. Insurers, Inc.*, 569 S.W.2d 829, 832 (Tenn. Ct. App. 1977)). Mr. Hubbell, as the appellant in this case, has the burden to provide this Court with a fair, accurate, and complete account of what transpired in the trial court. *See* Tenn. R. App. P. 24(b). He has failed to carry this burden.[3] Without a complete record or sufficient statement of the evidence from which to determine whether the trial court acted appropriately, we are compelled to presume that the trial court's decision in favor of Landlords was supported by the evidence submitted at the hearing. Therefore, Mr. Hubbell's issue regarding mitigation of damages must be determined in Landlord's favor.

Mr. Hubbell's claim that his counsel was ineffective is similarly unavailing. There is no absolute right to counsel in a civil trial. *Memphis Bd. of Realtors v. Cohen*, 786 S.W.2d 951, 953 (Tenn. Ct. App. 1989). Mr. Hubbell has no constitutional right to effective assistance of counsel in this case, thus his claim must fail. *See Welch v. Bd. of Prof'l Responsibility*, 193 S.W.3d 457, 465 (Tenn. 2006) (holding that a claim for ineffective assistance of counsel is not a proper ground for granting relief in a civil case).

Finally, Mr. Hubbell asserts that the trial court erred in failing to dismiss the case for failure to prosecute pursuant to Tenn. R. Civ. P. 41.02(1). The record reflects that Landlords filed a motion to set the case for a hearing in accordance with the trial court's July 17, 2012 case management order. Moreover, we find nothing in the record to suggest that Mr. Hubbell made a motion to dismiss the case. As such, Mr. Hubbell's argument is without merit.

---

[3] We note that "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

4

CONCLUSION

For the foregoing reasons, we affirm the decision of the trial court awarding Landlords damages from the breach of contract.  Costs of appeal are assessed against the appellant.


_____
ANDY D. BENNETT, JUDGE