IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 10, 2022 Session

## PAIGE WININGER v. JARRED WININGER

**Appeal from the Chancery Court for Washington County**
**No. 21-DM-0601    John C. Rambo, Chancellor**

———————————————————

**No. E2021-01296-COA-R3-CV**

———————————————————

The appellant challenges the trial court's dismissal of her petition for order of protection against her husband.  Following a hearing where both parties testified, the trial court did not find appellant's testimony credible and dismissed her petition.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Jessica McAfee, Greeneville, Tennessee, for the appellant, Paige Wininger.

Suzanne S. Cook and Jason A. Creech, Johnson City, Tennessee, for the appellee, Jarred Wininger.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

Paige Wininger ("Wife") and Jarred Wininger ("Husband") were married on December 22, 2017, in Sullivan County, Tennessee.  A daughter was born to the couple approximately a year later.  The family relocated to South Carolina in July 2019 and remained there together until May 7, 2021, when Wife left the marital home with their daughter and returned to Tennessee.  Within days, Husband also moved back to Tennessee.

After Husband visited with their daughter sometime in early September 2021, Wife told him that she was moving to Georgia with the child and stopped communicating with Husband. Father filed a motion for custody in the Washington County Chancery Court (the "trial court") and obtained an *ex parte* order for temporary custody of the child. On October 6, 2021, Wife surrendered the child to Husband. She then filed a motion for visitation on October 11, 2021, stating that she resided in Jonesborough, Tennessee.

On October 12, 2021, Wife filed a petition for order of protection (the "Petition") in the trial court, alleging that Husband physically and sexually abused her throughout their marriage and describing various episodes of alleged abuse dating back to December 2018 when Wife was pregnant. The Petition included another seven incidents involving physical and/or sexual violence occurring in 2019 and 2020. Wife alleged that in May 2021, in the presence of their daughter, Husband punched Wife in the face and shoved her into a wall. According to the Petition, after their daughter "ran to another room to watch TV," Husband threw at her a tray of silverware and clean dishes, screamed about how Wife "make[s] everything happen," and stormed off, slamming doors. The Petition also stated that in September 2021, while at a Texas Roadhouse restaurant in Johnson City for Husband's visitation time with their daughter, Husband "picked up his knife and twirled it in his hand, and said 'I could slit your throat right now' and laughed as he pointed it at [Wife]." The trial court did not issue a temporary order of protection and instead scheduled the hearing on the Petition for October 26, 2021.

At the outset of the hearing, counsel for Husband averred that two days after the trial court declined to issue a temporary order of protection, Wife filed a petition for order of protection in a South Carolina court. Counsel for Wife responded that "[a]ll the actions that [Wife] would testify to arose in South Carolina[,]" except for "one isolated incident that occurred in Johnson City, Tennessee, during the separation while they were present here." The trial court asked Wife's counsel whether Wife was ready to proceed or was dismissing the petition for order of protection.[1] After conferring with Wife, counsel told the court they would proceed.

On direct examination, Wife testified that Husband forced her to have sex without her consent and physically abused her on multiple occasions in the presence of their daughter. She introduced several photographs of injuries allegedly suffered in March 2018, January through May 2019, January 2020, August 2020, December 2020, and January 2021. According to Wife, the incidents in 2018 and 2019 occurred "[p]artially in Tennessee," while the ones in 2020 occurred in South Carolina. She did not seek medical treatment for any of her injuries. Wife related an incident on October 17, 2020, when Husband hit her with a phone, and she offered into evidence a South Carolina police report concerning the incident. The police report makes no mention of any physical abuse by

---

[1] The trial court noted that Wife's address "on file" for the petition for order of protection was a Georgia address—a third jurisdiction.

Husband; it focuses instead on allegations of stalking and harassment by Husband's family. Wife attempted to introduce an audio recording allegedly depicting an incident of domestic violence between her and Husband. Husband objected, and the court did not admit the audio recording into evidence because it had not been previously provided to Husband.

During cross examination, Wife admitted that during arguments with Husband, she has raised her voice, called him names, slapped, punched, and kicked him in self-defense, and spit on him. On one occasion, Wife kicked a hole in a door when Husband restrained her and pinned her against the wall. Counsel for Husband played an audio recording of an incident in March 2019 during which Wife can be heard yelling at Husband because he did not come out to greet her family and because Husband's father had not visited Wife and Husband's daughter enough. She can also be heard threatening to slit her own throat. Concerning the October 17, 2020 incident in South Carolina, Wife admitted that she had voluntarily dismissed the order of protection against Husband's parents prior to the incident and denied telling the police officers who responded to the incident that the order was active.

Wife acknowledged that on August 22, 2021, she drove from her parents' home to a hotel in Johnson City, Tennessee, stopped to pick up a pizza, had "marital relations" with Husband, and then drove him to a store to purchase lottery tickets. Husband's counsel entered into evidence a string of texts obtained from Wife's cell phone, spanning from May 6 through August 6, 2021, which displayed pleasant exchanges between the parties. Wife admitted that the texts contain nothing of a threatening nature from Husband. In addition, Husband introduced a series of Snapchat messages from Wife's cell phone, spanning from May 2 through September 20, 2021, which showed exchanges of an affable nature. Wife stated that she had these type of exchanges with her Husband "so he doesn't carry out his threats." She also acknowledged sending Husband "flirty pictures of [her]self wearing nothing but an apron" and previously telling him that she likes rough sex and that it would be fine to use "S and M" toys during sexual encounters.[2] Finally, counsel for Husband questioned Wife about inconsistencies in pleadings she had filed in several jurisdictions. Wife acknowledged that she filed a pleading in the trial court on October 11, 2021, averring that she was residing in Jonesborough, Tennessee; that the instant Petition, which she filed the next day, stated her address was in Georgia; and that she filed a pleading in South Carolina two days later, swearing that she was a South Carolina resident.

Husband testified that Wife was often unpredictable and violent. He said that on the day Wife claimed he had pushed her against a TV, she actually punched the TV and threw a glass at him, cutting his head. Husband denied ever physically or sexually abusing Wife or having non-consensual sexual relations with her. He stated that Wife has a temper, becomes irrational, and makes threats of self-harm; as an example, he pointed to the threat to slit her throat heard in the audio recording admitted into evidence. Husband said that he

---

[2] The parties defined "S and M" as sadism and masochism.

had to physically restrain Wife at times to prevent her from harming herself and that Wife has slapped him, punched him, and spit at him. He described an incident when Wife showed up at his workplace the day after they had had a fight: Wife was yelling, slapping him, and throwing objects around the office. As to their intimacy, Husband corroborated that they used sex toys but said that nothing non-consensual ever happened. He stated that during their marriage, Wife repeatedly accused him of lying and having affairs, insulted his family and demanded he cut off contact with them, and did not want their daughter to spend time with his family. He stated that he temporarily cut off his family and friends because Wife threatened to take their daughter away if he did not comply and that after their separation, she threatened to cancel visitation because of a disagreement as to the proceeds from selling their home in South Carolina. Husband also testified Wife told him that her parents had put her "in a mental institution or mental hospital" when she was a teenager but that she had "faked her way out of it."

During cross examination, Husband maintained that his sexual relations with Wife were always consensual. He recalled that once, while they were dating, Wife got upset with him and threatened to tell the police that he had raped her. On redirect, Husband said that there was nothing unusual about their Texas Road House dinner in September 2021 and that Wife had made up the incident with the knife. He also testified that a former girlfriend alerted his family that Wife had created a fake Facebook page impersonating Husband in interactions with the former girlfriend.

On October 26, 2021, the trial court entered an order dismissing the Petition with prejudice, ruling that Wife did not prove the allegations in the Petition by a preponderance of the evidence. The trial court found that Wife had "uncontrolled rage" directed toward Husband, that she attacked Husband verbally and isolated him from his family, and that she threatened to hurt herself. Concerning Wife's claims of rape during marriage, the trial court noted that in a "recording of her nagging against [Husband], she listed every imaginable grievance against him during the argument but made no mention of sexual abuse." In addition, the trial court concluded that Wife "tried to seduce" Husband in August 2021 when "she traveled alone to see him from her mother's home to have dinner and sexual relations at the Johnson City Red Roof Inn." The trial court further stated that Husband did not control Wife during the marriage and that she "has no fear of him." Wife timely filed a Notice of Appeal in this Court on November 2, 2021.

On January 11, 2022, the trial court denied Wife's post-judgment motion to include in the record, for appeal purposes, the filing of the audio recording excluded during the hearing.[3] The trial court reasoned that the Tennessee Rules of Evidence do not allow supplementation of the record where an offer of proof was not requested at the hearing.

---

[3] The record does not contain the post-judgment motion. We presume that the motion was filed and that a hearing concerning the same was held, as indicated by the trial court's January 11, 2022 order denying the motion. In their appellate briefs, the parties agree the motion was filed.

## ISSUES

Wife raises multiple issues on appeal, which we articulate as follows:

1.     Whether the trial court had personal jurisdiction over Wife and subject matter jurisdiction to adjudicate her Petition.

2.     Whether the trial court erred by refusing to admit into evidence Wife's audio recording and by denying her post-judgment motion to add the recording to the record for appeal purposes.

3.     Whether the trial court erred by admitting into evidence the audio recording submitted by Husband.

4.     Whether the evidence preponderates against the trial court's decision to dismiss the Petition.[4]

## STANDARD OF REVIEW

As stated by our Supreme Court,

> In a non-jury case such as this one, appellate courts review the trial court's factual findings de novo upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013). We review the trial court's resolution of questions of law de novo, with no presumption of correctness.

*Kelly v. Kelly*, 445 S.W.3d 685, 691-92 (Tenn. 2014). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011); *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002). This is "[b]ecause the trial court is in the best position to judge the parties' credibility during live testimony at trial." *Larsen-Ball v. Ball*, No. E2020-00297-COA-R3-CV, 2021 WL 3854802, at *12 (Tenn. Ct. App. Aug. 30, 2021), *perm. app. denied* (Tenn. Dec. 8, 2021).

---

[4] In the very last line of her appellate brief, Wife states that she "seeks reasonable attorney's fees of appeal." This issue is waived, and we will not consider it, inasmuch as Wife did not list it on her statement of issues presented for review and did not provide any argument in support of her request. *See Blue v. Church of God Sanctified, Inc.*, No. M2021-00244-COA-R3-CV, 2022 WL 2302263, at *10 (Tenn. Ct. App. June 27, 2022) ("[T]his Court has repeatedly held that an issue may be waived if it is not included in the statement of the issues"); *Forbess v. Forbess*, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) ("This court has repeatedly held that a party's failure to cite authority for its arguments or to argue the issues in the body of its brief constitute a waiver on appeal.").

With respect to issues regarding the admission or exclusion of evidence, appellate courts review the trial court's determinations under an abuse of discretion standard. *Brown v. Crown Equip. Corp.*, 181 S.W.3d 268, 273 (Tenn. 2005); *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004). As we have previously explained:

> Under this standard, we are required to uphold the trial court's ruling "as long as reasonable minds could disagree about its correctness." *Caldwell v. Hill*, 250 S .W.3d 865, 869 (Tenn. Ct. App. 2007). So, "we are not permitted to substitute our judgment for that of the trial court." *Id.* An appellate court "will set aside a discretionary decision only when the trial court has misconstrued or misapplied the controlling legal principles or has acted inconsistently with the substantial weight of the evidence." *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999). We review a trial court's discretionary decision to determine: "(1) whether the factual basis for the decision is supported by the evidence, (2) whether the trial court identified and applied the applicable legal principles, and (3) whether the trial court's decision is within the range of acceptable alternatives." *Id.*

*Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *2 (Tenn. Ct. App. Aug. 12, 2011).

## ANALYSIS

### Jurisdictional Issues

We begin by addressing the threshold issues of the trial court's personal jurisdiction over Wife and subject matter jurisdiction to adjudicate the Petition. Concerning the former, it is plain to us not only that Wife waived any challenges to the trial court's personal jurisdiction, but also that she is estopped from asserting them. Wife did not object to the trial court's jurisdiction over her person; instead, she invoked it by the filing of the Petition and, therefore, submitted herself to it. *See Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994) (holding that personal jurisdiction can be waived by the express or implied consent of the parties); *Bell v. Bell*, No. M2004-01975-COA-R3-CV, 2007 WL 2095422, at *3 (Tenn. Ct. App. July 18, 2007) (holding that wife was estopped from questioning personal jurisdiction where she had sued for divorce in the trial court); *Cothron v. Scott*, 446 S.W.2d 533, 535 (Tenn. Ct. App.1969) (holding that a party who invokes the jurisdiction of the court is estopped from reversing her position). Moreover, in a pleading filed in the trial court the day before Wife filed the Petition, she declared she was a resident of Washington County. Under these circumstances, the trial court clearly had personal jurisdiction over this plaintiff.

"Subject matter jurisdiction concerns a court's 'lawful authority to adjudicate a controversy brought before it' and is conferred on a court by statute or the constitution."

*Griffin v. Campbell Clinic, P.A.*, 439 S.W.3d 899, 902 (Tenn. 2014) (quoting *Johnson v. Hopkins*, 432 S.W.3d 840, 843 (Tenn. 2013)). Tennessee Code Annotated section 36-3-601 confers authority to adjudicate petitions for order of protection on "any court of record with jurisdiction over domestic relation matters or the general sessions court." Tenn. Code Ann. § 36-3-601(3)(C). The trial court, as a chancery court, is a court of record with jurisdiction over domestic relation matters. *See* Tenn. Code Ann. § 16-11-110 ("The chancery court has jurisdiction, concurrent with the circuit court, of all proceedings for divorce and for the adoption of children."); *see also Collins v. Pharris*, No. M1999-00588-COA-R3-CV, 2001 WL 219652, at *2 (Tenn. Ct. App. Mar. 7, 2001) (quoting Tenn. Op. Att'y Gen. No. 98-043) ("In Tennessee, orders of protection may be issued by both the circuit court and the chancery court in each county."). Wife argues that the trial court lacked subject matter jurisdiction because "most of the acts giving rise to the request for Order of Protection occurred in South Carolina" and because the trial court "did not find that there was a threat made by Husband at the Texas Roadhouse Restaurant on September 8, 2021." Here, Wife alleged in her Petition that Husband threatened her with a knife at the Texas Roadhouse in Johnson City; the fact that the trial court determined Wife failed to prove her allegation is inapposite for purposes of jurisdiction. In addition, Wife testified that in August 2021, she had intercourse twice with Husband when they met at a Red Roof Inn also in Johnson City, even though she "told him [she] was not comfortable and wanted to stop." Notably, these two incidents were the closest in time to the filing of the Petition. The trial court clearly had subject matter jurisdiction over these alleged offenses, and Wife herself elected to file the Petition in the trial court. This issue is without merit.

## Evidentiary Issues

Wife argues that the trial court erred in disallowing an audio recording she sought to admit into evidence, which allegedly captured a domestic violence incident between her and Husband on January 6, 2020. Husband's counsel objected to introduction of the recording on the basis that Wife had not previously produced it. Upon inquiry from the trial court, counsel for Wife stated that the "only reason" the recording had not been provided was that she "didn't anticipate using it today because [she] wasn't going to move forward on this [Petition] today." The trial court sustained the objection but allowed Wife to testify about the alleged incident. Wife's counsel asked only one question about the incident before moving on to another topic. Counsel did not make an offer of proof as to the contents of the recording. We review the trial court's decision to exclude the recording under an abuse of discretion standard. *Brown*, 181 S.W.3d at 273.

At the outset, we note that the audio recording was "irrelevant under the issues drawn by the pleadings." *Memphis Bd. of Realtors v. Cohen*, 786 S.W.2d 951, 953-54 (Tenn. Ct. App. 1989). Wife testified that the recording captured an altercation between her and Husband on January 6, 2020. None of the various incidents alleged in her Petition occurred on this date. After the trial court sustained Husband's objection, Wife neither took the opportunity to develop her testimony about the alleged incident nor made an offer

of proof to preserve a challenge to the trial court's ruling.[5]  This Court is therefore unable to ascertain what proof would have been introduced by admitting the recording into evidence.  *Home Ins. Co. v. Glens Falls Ins. Co.*, 675 S.W.2d 486, 488 (Tenn. Ct. App. 1984) (concluding the Court was unable to address a challenge to exclusion of evidence where no offer of proof was made for the record); *Patterson v. Hunt*, 682 S.W.2d 508, 518 (Tenn. Ct. App. 1984) (same).  Wife waived review of the trial court's ruling on this issue. *Memphis Bd. of Realtors*, 786 S.W.2d at 953-54.

Wife also challenges the trial court's denial of her post-judgment motion seeking to add the audio recording to the record for appeal purposes.  The trial court denied the motion, concluding that supplementation of the record was not proper under the Rules of Evidence, where "[a]n offer of proof was not requested or performed in the trial of this Order of Protection."  For the reasons stated above, review of this ruling is likewise waived.

Wife next takes issue with the trial court's decision to admit into evidence an audio recording offered by Husband, arguing that the recording was not relevant to adjudicating her Petition because "three years" had elapsed since the recording was made.[6]  Contrary to Wife's assertion in her appellate brief, the record establishes that she did not object to the introduction of the audio recording at the hearing.  Consequently, this issue is also waived. *Welch v. Bd. of Pro. Resp.*, 193 S.W.3d 457, 464 (Tenn. 2006) (citations omitted) ("Generally, failure to make a timely, specific objection in a trial court prevents a litigant from challenging the introduction of inadmissible evidence for the first time on appeal."); *Lobertini v. Brown*, No. M2006-01485-COA-R3-JV, 2008 WL 275883, at *3 (Tenn. Ct. App. Jan. 31, 2008) ("Mother did not object at trial to the admission of any evidence, and her failure to object to the evidence at issue constitutes a waiver of the issue for purposes of appeal."); *see also* Tenn. R. Evid. 103(a)(1).[7]

---

[5] Concerning an offer of proof, our Rules of Evidence provide, in relevant part:

**(a) Effect of Erroneous Ruling.** Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

    . . . .

(2) *Offer of Proof.* In case the ruling is one excluding evidence, the substance of the evidence and the specific evidentiary basis supporting admission were made known to the court by offer or were apparent from the context.

Tenn. R. Evid. 103(a)(2).

[6] At the hearing, Wife testified that the incident took place in March 2019.  Husband agreed that it took place sometime in 2019.

[7] Concerning objections, the Rule states:

**(a) Effect of Erroneous Ruling.** Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

Wife further argues that the trial court improperly considered the audio recording submitted by Husband because the recording was three years old. The trial court order states: "She claimed he repeatedly raped her during marriage, but in recording of her nagging against him, she listed every imaginable grievance against him during the argument but made no mention of sexual abuse." It is apparent that the trial court relied on Husband's audio recording to make a credibility determination as to Wife as a witness and not to establish any specific incident included by Wife in her Petition, which alleged incidents of domestic violence dating back to December 2018. Against this background, we perceive no error in the trial court's consideration of the audio recording.

### Dismissal of the Petition

Wife's final contention is that the trial court erred in determining that she was not a victim of domestic abuse. Husband responds that the evidence does not preponderate against the trial court's decision to dismiss the Petition. We agree with Husband.

The focus of Wife's challenge is two-fold. First, she "urges the appellate court to consider the photos alone, with no testimony from Wife." She then points to her extensive testimony during the hearing concerning various incidents of alleged physical and sexual violence by Husband. In its order dismissing the Petition, the trial court acknowledged that it had considered both Wife's "testimony and evidence" in determining that "she is not a domestic abuse victim." Although the trial court's order does not so state explicitly, its findings of fact leave no doubt that it found Wife's testimony not credible. For instance, concerning the Wife's allegation that Husband threatened her with a knife, the trial court expressly found that Husband "did not threaten her at Texas Roadhouse." Likewise, the order states that "despite claims of fear and wanting to avoid sex with [Husband] . . . she traveled alone to see him . . . to have dinner and sexual relations at the Johnson City Red Roof Inn." Put differently, as is often the case in domestic relations cases, the trial court was presented with a "he said, she said" scenario, and it credited Husband's testimony over Wife's. We will not second-guess the trial court's credibility determinations absent clear and convincing evidence to the contrary. *Morrison*, 338 S.W.3d at 42. Here, we see none.

This credibility determination by the trial court is especially pertinent to the numerous photographs showing bruises on Wife. She contends that the photographs alone establish domestic violence. But—in and of themselves—these photographs establish only that Wife suffered injuries; they do not provide evidence as to the cause of the injuries. Wife testified that Husband was violent towards her throughout the marriage. Husband testified that he would shield himself from Wife and sometimes hold her to keep her from

---

(1) *Objection.* In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection if the specific ground was not apparent from the context[.]

Tenn. R. Evid. 103(a)(1).

hurting herself and others.  The trial court concluded that Wife "had uncontrolled rage directed toward [Husband], she attacked him verbally, isolated him from his family, threatened to hurt herself" and that "[s]he has no fear of him."  The evidence in the record does not preponderate against the trial court's ruling that Wife was not a victim of domestic abuse.  We affirm.

## CONCLUSION

The trial court had personal and subject matter jurisdiction to adjudicate the Petition filed by Wife, and Wife failed to prove she is a victim of domestic abuse.  We affirm the dismissal of the Petition.  Costs of this appeal are taxed to the Appellant, Paige Wininger, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE